**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 9, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

TOBIN WOODLEE,

        Plaintiff-Appellant,

  v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant-Appellee.

No. 04-1444
(D.C. No. 03-N-905 (MJW))
(D. Colo.)

_____

**ORDER AND JUDGMENT** [*]

_____

Before **SEYMOUR, KELLY, and MURPHY**    Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

During the time period of June 1995 through September 1996, plaintiff-appellant Tobin Woodlee was a disabled child who lived with his mother and

_____

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

received supplemental security income (SSI) benefits under Title XVI of the Social Security Act. After an extensive administrative process, the Commissioner of Social Security subsequently determined that plaintiff had not been eligible to receive SSI benefits for the time period of June 1995 through September 1996. Specifically, the Commissioner determined that, as a result of plaintiff's mother's ownership of two automobiles during that time period, plaintiff was deemed to have excessive resources for purposes of maintaining his eligibility for SSI benefits. The Commissioner therefore determined that plaintiff "was overpaid [SSI] payments for the months of June 1995 through September 1996." Aplt. App. at 20. Plaintiff then appealed the Commissioner's decision to the district court, and, in August 2004, the district court affirmed the Commissioner's decision.

Plaintiff now appeals to this court, arguing that both the Commissioner and the district court misinterpreted the controlling SSI regulations. Having carefully considered this matter, we conclude that the Commissioner's determination that plaintiff was not eligible for SSI benefits from June 1995 through September 1996 is inconsistent with the controlling regulations. Accordingly, we reverse the judgment of the district court, and we remand this matter to the district court with instructions to remand the case to the Commissioner for a dismissal of these proceedings with prejudice.

# I.

The district court summarized the undisputed facts in this case as follows:

> During the pertinent time frame, June 1995 through September 1996, plaintiff was a disabled child who received SSI benefits. Plaintiff suffered from heart disease, scoliosis, and severe mental impairments. Plaintiff's ailments required frequent hospital and doctor visits. During this time, plaintiff lived with his mother, Lucinda Woodlee ("Ms. Woodlee"), and his sister, Kelly Woodlee.
>
> Prior to May 1995, Ms. Woodlee owned a single vehicle. From May 1995 until September 1996, Ms. Woodlee owned two vehicles and the value of each vehicle was greater than [$2,000]. During this time, Ms. Woodlee used one of these cars to get to school and work. Plaintiff's sister used Ms. Woodlee's other car to take plaintiff to the hospital or doctor when Ms. Woodlee was at school or work. . . . During this entire time, all of the automobiles were titled to Ms. Woodlee's name and were unencumbered.

Aplt. App. at 126-27 (citations omitted).

The district court then summarized the controlling SSI regulations [1] and addressed plaintiff's arguments related thereto as follows:

> In order to qualify for SSI disability benefits, . . . a recipient's non-excluded resources must not exceed $2000. 20 C.F.R. § 416.1205(a) (2004). . . . Automobiles are generally included as resources. . . . However, "[o]ne automobile is totally excluded regardless of its value if, for the individual or a member of the individual's household–(i) It is necessary for employment; [or] (ii) It is necessary for the medical treatment of a specific or regular

---

[1] Following the lead of both the district court and the parties, we will apply the 2004 version of the controlling SSI regulations to resolve the issues in this appeal. We also note that, for purposes of this appeal, there have apparently been no significant changes made to the regulations since the time of the ALJ's decision in August 2001.

medical problem." 20 C.F.R. § 416.1218(b)(1) (2004). "Any other automobiles are treated as nonliquid resources and counted against the resource limit to the extent of the individual's equity. . . ." 20 C.F.R. § 416.1218(b)(3).

When determining a child's resources, the SSA considers the parents' resources. 20 C.F.R. § 416.1202. A "child's resources shall be deemed to include any resources, not otherwise excluded under this subpart, of an ineligible parent of such child . . . who is living in the same household . . . as such child, . . . to the extent that the resources of such parent . . . exceed the resource limits described in § 416.1205." 20 C.F.R. § 416.1202(b)(1). Accordingly, the parent is entitled to a non-excludable resource limit of $2000, and the child is entitled to another non-excludable resource limit of $2000.

Plaintiff contends that he is entitled for an exclusion for both automobiles. . . . This argument is premised upon the contention that Ms. Woodlee would take an exclusion for one of the automobiles under 20 C.F.R. § 416.1218(b)(1), and then when the remaining resources are attributed to plaintiff, plaintiff would take an exclusion for the other automobile also under 20 C.F.R. § 416.1218(b)(1). . . . While plaintiff's argument is clever, it is misplaced.

Although 20 C.F.R. § 416.1218 does not specifically state that the individual must own the vehicle to be excluded, its language as well as interpretations of its language demonstrate that ownership of the vehicle is required in order to exclude it. . . . 20 C.F.R. § 416.1218(b) is clear that only one vehicle can be excluded. Even assuming that this means that each member of the family can exclude a vehicle, which seems unlikely, it is necessary that each member of the family own a separate vehicle if he or she plans to exclude it. Since it is undisputed that Ms. Woodlee, not plaintiff, owned both vehicles, plaintiff is not entitled to take an exclusion for one of the two vehicles. In other words, the second vehicle is not plaintiff's vehicle, so he cannot exclude it from his resources.

*Id.* at 129-31 (all ellipses added except for second quoted paragraph).

As set forth above, because plaintiff was not the owner of the second automobile, the district court determined that plaintiff was not entitled to take an exclusion for that car under 20 C.F.R. § 416.1218(b)(1). During the earlier administrative proceedings, the administrative law judge also relied on an "ownership" rationale to reject plaintiff's claim for an exclusion for the second automobile. *See* Aplt. App. at 19. Likewise, the ownership rationale was the primary argument put forth by the Commissioner in the proceedings before the district court. *Id.* at 115. The district court thus adopted the interpretation of § 416.1218(b)(1) that the Social Security Administration was seeking, and it is well established that "[w]e must give substantial deference to an agency's interpretation of its own regulations." *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994). "Our task is not to decide which among several competing interpretations best serves the regulatory purpose. Rather, the agency's interpretation must be given controlling weight unless it is plainly erroneous or inconsistent with the regulation." *Id.* (quotation omitted); *accord Auer v. Robbins*, 519 U.S. 452, 461 (1997); *Excel Corp. v. United States Dep't of Agric.*, 397 F.3d 1285, 1295-96 (10th Cir. 2005).

For purposes of this appeal, however, the Commissioner has completely abandoned the ownership rationale. Instead, the Commissioner is relying

exclusively on an alternative argument that she put before the district court to the effect that "20 C.F.R. § 416.12[18](b) . . . explicitly states that only 'one automobile' shall be excluded 'for the individual or a member of the individual's household.'" Aplt. App. at 115 (emphasis omitted). In other words, according to the Commissioner, "the automobile exclusion is one per household, and the ALJ correctly concluded that 'the Regulations provide that the current market value of any additional automobiles must be counted as a nonliquid resource; in this case a nonliquid [parental] resource subject to deeming.'" Aplee. Br. at 11 (emphasis omitted).

Although the Commissioner's "one per household" argument is arguably consistent with the plain language of 20 C.F.R. § 416.1218(b)(1), we conclude that the Commissioner's interpretation is not consistent with the controlling regulations when it is considered in the context of the provisions of the deeming regulation. Specifically, according to 20 C.F.R. § 416.1202(c), "[w]hen used in this [subpart], the term *individual* refers to an eligible aged, blind, or disabled person, *and also includes a person whose resources are deemed to be the resources of such individual*." (emphasis added). This provision is critical, because 20 C.F.R. § 416.1218(b) then provides as follows:

> In determining the resources of an *individual* . . ., automobiles are
> excluded or counted as follows: (1) Total exclusion. One automobile
> is totally excluded regardless of value if, for the *individual* or a
> member of the individual's household–(i) It is necessary for

-6-

employment; [or] (ii) It is necessary for the medical treatment of a specific or regular medical problem.

(emphasis added).

Applying the plain meaning of these provisions, we agree with plaintiff that the regulations provide for an automobile exclusion for each "individual," and not for each "household," and we further agree that both plaintiff and his mother are "individuals" for purposes of the automobile exclusion. Accordingly, we conclude that the Commissioner's interpretation of the controlling regulations is inconsistent and plainly erroneous. We emphasize, however, that, as noted by plaintiff, our holding is limited to the unusual circumstance "where the parent of a disabled child owns two cars and both are necessary for employment and medical purposes." Aplt. Reply Br. at 8.

The judgment of the district court is REVERSED, and this matter is REMANDED to the district court with instructions to REMAND the case to the Commissioner for a dismissal of these proceedings with prejudice.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

-7-